Per Curiam.
This action was brought by the plaintiff as executrix of the last will and testament of Griffith Thomas, her deceased husband, for an alleged conversion by the sheriff of personal property belonging to her husband’s estate. The present defendant is the executor of a deceased indemnitor of the sheriff. The property in question which consisted of household furniture, &c., was seized by the sheriff and sold on executions to satisfy individual judgments against the plaintiff. The jury having found for the plaintiff, the exceptions taken by the defendant were ordered to be heard at general term in the first instance.
If it were necessary to determine whether under the allegations of the answer proof of a devastavit was admissible at the trial against plaintiffs’ objection, the determination of the question would be attended by difficulties. But we do not feel called upon to make the determination at the present time, because there are some exceptions upon another point which are fatal to the verdict under all circumstances.
The plaintiff was allowed to testify from a long list of articles, with values set opposite, which she alleged to be a statement of the articles sold by the sheriff. It appeared from her own testimony that this list was made up by her more than two years after the articles were sold by the sheriff, and more than eleven years after they had been bought; that she herself had not assisted in the purchase ; that the purchasing had been done by her husband ; that, while he lived, he kept all the bills and *330 receipts for said articles at his office ; that after his death the bills and receipts were brought to her; that at that time nine years had elapsed since the purchase of the goods ; that immediately after the sheriff’s sale the bills and receipts were sent to Morrell’s warehouse, where they were subsequently burned up ; that she did not see them from the time they were so sent to the time they were burned ; that about two years after they had been so sent, and two years after the sheriff’s sale, she made up the list at her present residence for the purposes of this suit; and that, in making it up, she depended upon her memory.
It thus affirmatively appeared from her own testimony that she never had any knowledge whatever of the value of these articles, and that her entire testimony as to such value was hearsay. It therefore was clearly incompetent. But the learned judge who presided at the trial, admitted her testimony as to such value, admitted the list itself as an extension of her testimony, and denied defendant’s motion to strike it out, to all of which rulings proper exceptions were taken.
As it is apparent from the whole case that these erroneous rulings must have greatly prejudiced defendant’s position, the exceptions taken by the defendant should be sustained, the verdict set aside, and anew trial ordered with costs to the defendant to abide the event.